IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BASF CORPORATION,
  *Plaintiff*,

  v.

PATRICK M. SAVAGE, in his capacity as
director of Mike's Auto Everything, Inc.,
  *Defendant*.

Civil Action No. ELH-19-3597

**MEMORANDUM**

This Memorandum resolves a motion for default judgment, arising from a breach of contract action.

On December 19, 2019, plaintiff BASF Corporation ("BASF") filed suit against Patrick M. Savage "in his capacity as director of Mike's Auto Everything, Inc" ("Mike's Auto"). ECF 1 ("Complaint").[1] Plaintiff alleges that Mike's Auto defaulted on its obligations under the contract between BASF and Mike's Auto. The Complaint asserts claims for breach of contract (Count I); unjust enrichment and quantum meruit (Count II); and declaratory relief (Count III). *Id.*

According to plaintiff, Mike's Auto's "corporate status has been forfeited." ECF 1, ¶ 2. In corporate filings with the State of Maryland, Mr. Savage is identified as the owner, director, and resident agent of Mike's Auto. *Id.* ¶ 3. Therefore, as discussed, *infra*, Savage may be sued in his capacity as director of the corporation, pursuant to Md. Code (2014 Repl. Vol.), § 3-515 of the Corporations and Associations Article ("C.A.").

---

[1] Jurisdiction is predicated on diversity of citizenship, pursuant to 28 U.S.C. § 1332. ECF 1, ¶ 6.

Summons was returned executed on March 17, 2020.  ECF 4. But, because of the COVID-19 pandemic, the Court operated under a Standing Order that extended Mr. Savage's response deadline to June 29, 2020. As of this date, however, Mr. Savage has not responded to the Complaint.

On August 27, 2020, plaintiff filed a request with the Clerk of the Court for entry of default against defendant, pursuant to Fed. R. Civ. P 55(a).  ECF 6.  Thereafter, on September 4, 2020, the Clerk entered an order of default as to Savage.  ECF 7.  Of import here, the Clerk issued a "Notice Of Default" to Mr. Savage on the same date, advising him that he had 30 days from the date of the Notice of Default to move to vacate.  ECF 8.

Plaintiff subsequently filed a motion for default judgment (ECF 10, the "Motion"), supported by two exhibits.  ECF 10-1; ECF 10-2.  The exhibits include the Declaration of Joel D. Newport (ECF 10-1) and the Declaration of Thaddeous Green (ECF 10-2). The Motion requests entry of judgment against defendant in the amount of $360,717.05 in contractual damages, plus $767.00 in costs.

Notably, plaintiff filed a Certificate of Service with the Motion under oath. ECF 6 at 3. It reflects that the Motion was mailed to Mr. Savage at the location where he was served with the suit via personal delivery to his wife.  *See* ECF 3.  Defendant has not responded, and the time for him to do so has expired.  *See* Local Rule 105.2.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion in part and deny it in part.

## I.   Background[2]

BASF is a business incorporated in Delaware that sells "aftermarket paints, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting" of vehicles (collectively, "Refinish Products"). ECF 1, ¶ 4. BASF sells its products to distributors that in turn sell them to "automotive body shops that are in the business of reconditioning, repainting, and refinishing" vehicles. *Id.* Mike's Auto, was an automotive body shop that was engaged in this business. *Id.* ¶ 5.  As noted, its "corporate status has been forfeited."  *Id.* ¶ 2.[3]

On February 24, 2017, BASF and Mike's Auto entered into a requirements agreement. *Id.* ¶ 9; *see* ECF 1-1 ("Requirements Agreement" or "Agreement"). The terms of the Agreement commenced at the first full calendar month subsequent to the effective date and continued until defendant reached its minimum purchase requirement of $328,000.00. ECF 1-1, ¶ 1. Pursuant to the Agreement, Mike's Auto was obligated to purchase 100% of its Refinish Products from an authorized distributor of BASF. *Id.* ¶ 2. The Agreement also delineated the Contract Fulfillment Consideration: within forty-five days of the effective date of the Agreement, BASF was required to pay Mike's Auto $35,000.00 in consideration of Mike's Auto fulfilling all of its obligations under the Agreement. *Id.* ¶ 3. If the Agreement terminated for any reason prior to the expiration of the term, or if Mike's Auto was sold during the term, the Agreement provided for a refund of

---

[2] Under the circumstances, I must assume the truth of the facts alleged in the suit, other than those pertaining to damages, as discussed *infra*.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010).

[3] To my knowledge, it is the corporate charter that is forfeited under Maryland law, generally for nonpayment of taxes or failure to file required reports.  *See*, *e.g.*, *Stein v. Smith*, 358 Md. 670, 674, 751 A.2d 504, 506 (2000); *see also* C.A. § 3-503.

the Contract Fulfillment Consideration in accordance with the schedule set forth in the same provision. *Id.*

The schedule provided the refund percentage in relation to the amount purchased, *id.*:

| Purchases | | Contract Fulfillment Consideration Refund |
|---|---|---|
| a. | less than 1/5th of Minimum Purchases | 110% |
| b. | less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| c. | less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| d. | less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| e. | less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |
| f. | After 5/5th of Minimum Purchases | 0% |

In July 2017, Mike's Auto refused to purchase any further Refinish Products from BASF. ECF 1, ¶ 14. At that time, it had only purchased $5,782.95 in products, less than one-fifth of the minimum purchase requirement, pursuant to the schedule set forth in the Agreement. *Id.* ¶ 16. Thus, defendant was obligated to pay plaintiff 110% of the Contract Fulfillment Consideration refund, in the sum of $38,500.00. *Id.* ¶¶ 13, 17. Defendant failed to satisfy this obligation. *Id.* ¶ 20. This suit followed. ECF 1.

Additional facts are included, *infra*.

## II.     Standard of Review

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk must enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."  But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated

damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[4]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy favoring the disposition of cases on the merits . . . ." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019) (discussing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)), *cert. denied*, 139 S. Ct. 2762 (2019); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013). But, that policy is not absolute. Default judgment "'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Garnier-Thiebaut, Inc. v. Castello 1935 Inc.*, SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019) (Thacker, J.) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013)); *see SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When, as here, the defendant does not respond to the suit, the plaintiff's factual allegations are deemed admitted, save for those pertaining to damages. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court must "determine whether the well-pleaded allegations . . . support the relief sought"). But, "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *Ryan*, 253 F.3d at 780 (citation omitted). The court must assess whether the undisputed factual allegations constitute a legitimate cause of action. *Id.*; *see* 10A Wright & Miller, Federal Practice and Procedure § 2688 (4th ed., 2020 Supp.) ("[L]iability is not deemed

---

[4] Judge Grimm now serves as a United States District Judge. But, he authored *Monge* when he was a United States Magistrate Judge.

established simply because of the default . . . . the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Monge*, 751 Supp. 2d at 794; *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010).

Rather, the court "must make an independent determination regarding such allegations." *Agora Fin., LLC*, 725 F. Supp. 2d at 494; *see Credit Lyonnais Secs. (USA), Inc. v. Alcantara,* 183 F.3d 151, 154 (2d Cir.1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). A hearing is not required, however, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 374 (D. Md. 2012) ("While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on 'detailed affidavits or documentary evidence to determine the appropriate sum.'") (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); *see Monge*, 751 F. Supp. 2d at 795.

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Verified Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is because the amount sought as damages might influence the defendant in deciding whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

### III.    Discussion

### A.  Liability

Count I of the Complaint alleges a claim for breach of contract as to defendant's failure to perform its obligations under the Agreement. BASF asserts that defendant failed to meet the minimum purchase requirement under the Agreement and failed to pay the Contract Fulfillment Consideration refund. ECF 1, ¶¶ 21-27.

The Agreement provides that Michigan law governs a dispute under the Agreement. ECF 1-1, ¶ 7. To establish a breach of contract claim under Michigan law, a plaintiff must show "by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178, 848 N.W.2d 95, 104 (2014) (citing S*tevenson v. Brotherhoods Mut. Benefit*, 312 Mich. 81, 90-91, 19 N.W.2d 494, 498 (1945)).

As noted, the parties formed a Requirements Agreement on February 24, 2017. In accordance with the Agreement, plaintiff paid defendant $35,000.00 in consideration. ECF 1, ¶ 12; ECF 10-2, ¶ 5. In July 2017, defendant terminated the Agreement after purchasing only $5,782.95 of its minimum purchase requirement of $328,000. ECF 1, ¶ 16; ECF 10-2, ¶ 7. Pursuant to the Agreement, if defendant purchased less than one-fifth of the minimum purchase requirement, the refund due to plaintiff was 110% of the original Contract Fulfillment Consideration. ECF 1-1, ¶ 3; ECF 10-2, ¶ 6. But, defendant has failed to remit any refund. ECF 10-2, ¶ 9.

Accordingly, I am satisfied that Mike's Auto is liable for breach of contract: it violated the Agreement by its failure to pay the Contract Fulfillment Consideration refund.[5]

Moreover, Savage may be sued for this breach in the name of Mike's Auto, but only in his capacity as director of the corporation. Ordinarily, under Maryland law, a corporation that has forfeited its charter lacks any capacity to sue or be sued. C.A. § 3-503(d). When the charter has been forfeited, however, "the directors of the corporation shall manage its assets for purposes of liquidation." *Id.* § 3-515(a).  The directors are empowered to wind up the affairs of the corporation, including "discharge of existing debts and obligations of the corporation." *Id.* § 3-515(b)(1). In addition, the directors have the specific powers to "carry out the contracts of the corporation" and "sue or be sued in the name of the corporation." *Id.* §§ 3-515(c)(1), (3); *see Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 164, 857 A.2d 1095, 1102 (2004). As this suit concerns an obligation that was incurred by Mike's Auto, Savage may be sued in the name of corporation. But, Savage is insulated from personal liability for this debt. *Ferguson Trenching Co., Inc. v. Kiehne*, 329 Md. 169, 175, 618 A.2d 735, 738 (1993).

### B.  Damages

In the Motion, BASF seeks (1) money damages in the amount of $360,717.05 and (2) costs associated with prosecuting this action, in the amount of $767.00.

### 1.  Money Damages

The monetary damages that plaintiff seeks can be separated into two separate requests— lost revenue under the Agreement ($322,217.05) and the consideration refund ($38,500.00).

---

[5] Because I find defendant liable for breach of contract, and plaintiff seeks the same damages under Count II, I need not consider defendant's liability under Count II.

Pursuant to the terms of the Agreement, plaintiff is entitled to recover the consideration refund, but not the lost revenue.[6]

When defendant terminated the contract with plaintiff, it had purchased $5,782.95 in products, less than one-fifth of its minimum purchase requirement under the Agreement. ECF 10-2, ¶ 8. As part of its money damages, plaintiff seeks the "purchase balance" of $322,217.05. *Id.*

The Agreement required defendant to purchase 100% of its Refinish Products from plaintiff until the minimum purchase requirement of $328,000.00 was reached. ECF 1-1, ¶¶ 1, 2. However, the Agreement does not include any provision that required defendant to pay plaintiff for the difference between the amount of Refinish Products that it purchased and the minimum purchase requirement of $328,000.00. *See* ECF 1-1. Therefore, plaintiff is not entitled to the $322,217.05 of alleged lost revenue that it seeks.

The remainder of plaintiff's request for money damages accounts for the consideration exchanged between the parties. As noted, plaintiff paid defendant $35,000.00 in consideration. ECF 10-2, ¶ 5. And, defendant agreed to the Contract Fulfillment Consideration refund schedule set forth in the Agreement. *Id.* ¶ 6. Under this refund schedule, as defendant purchased less than one-fifth of the minimum purchase requirement, defendant was obligated to pay 110% of $35,000.00—*i.e.*, $38,500.00. *Id.* Defendant has not paid this agreed upon amount to plaintiff. And, defendant has not contested the allegations in the Complaint. Accordingly, BASF is entitled to $38,500.00 in damages for defendant's breach of contract.

---

[6] As indicated, plaintiff claims lost revenue of $322,217.05. But, plaintiff fails to account for the cost of the product that it did not have to supply because defendant failed to order any product. Clearly, the sum specified under the Agreement was not all profit or lost revenue.

### 2.  Costs

Plaintiff also seeks $767.00 in costs, which include the filing fee of $400.00 and the service of process expense of $367.00. ECF 10-1, ¶ 9.  Rule 54(d) of the Federal Rules of Civil Procedure provides that a prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Here, no such impediment exists. Accordingly, I shall award plaintiff $767.00 in costs.

### IV.   Conclusion

In view of the foregoing, I shall GRANT the Motion in part. Default judgment shall be entered against defendant, in his capacity as director of Mike's Auto, in the amount of $38,500.00, plus $767.00 in costs, for a total of $39,267.00.

An Order follows, consistent with this Memorandum.

Date:  April 8, 2021                                      _____/s/_____

                                                                        Ellen Lipton Hollander
                                                                        United States District Judge